IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| **ROCKFORT BUILDERS, INC.** | § | **CASE NO: 06-30470** |
| Debtor(s) | § | |
| | § | **CHAPTER 7** |
| | § | |
| **SHAKEEL UDDIN,** *et al* | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 06-3401** |
| | § | |
| **ROCKFORT BUILDERS INC,** *et al* | § | |
| Defendants | § | |

## MEMORANDUM OPINION

On May 24, 2006, Plaintiffs Shakeel Uddin and Aroosa Uddin filed a motion for partial summary judgment [docket no. 6]. On June 8, 2006, Defendants Rockfort Builders, Inc., and Asif Waheed filed a cross motion for summary judgment [docket no. 12]. On December 6, 2006, the Court entered an order denying the Plaintiffs' motion. The Court abated the Defendants' motion until January 31, 2007, and ordered the Defendants to comply with the Plaintiffs' discovery requests. For the reasons set forth below, the Defendants' motion is denied.[1]

## Background

On August 1, 2002, Plaintiffs and Rockfort Builders, Inc. ("Rockfort Builders" or the "Debtor") entered into a contract regarding the construction of a home at 11510 North Lou Al Drive in Houston, Texas, for $1,200,000[2] (the "Lou Al Contract"). On October 18, 2004, Shakeel Uddin and Rockfort Builders executed a Termination Agreement in which Shakeel

---

[1] On February 13, 2007, the Defendants filed an amended motion for summary judgment [docket no. 51], and on February 14, 2007, the Plaintiffs filed an amended motion for summary judgment [docket no. 52]. The Scheduling Order in this case established a deadline of January 31, 2007, for the filing of dispositive motions. Accordingly, the parties' motions filed after this date are untimely.

[2] The complaint and other pleadings state that the total consideration for the contract was $1,200,000, however the Agreement attached as evidence to the Plaintiffs' motions, states that the total consideration to be paid by the Uddins is $120000.00.

1

Uddin and Rockfort Builders agreed to not seek "any past, present as well as future claims, liabilities and responsibilities due to any reason known or unknown" against the other.

On or around August 16, 2005, Plaintiffs filed suit in the 80th Judicial District of the District Court of Harris County, Texas (Cause No. 2005-52545). In their complaint, Plaintiffs allege that the Defendants never completed the home despite receiving approximately $1,700,000 in payments. The Plaintiffs further contend that Waheed, the owner of Rockfort Builders, engaged in a scheme to defraud the Plaintiffs and diverted the funds paid by Plaintiffs to Rockfort Builders to his personal use in order to build a home on property owned by Waheed located at 1026 Bayou Island, Houston, Texas.

On October 3, 2005, Rockfort Builders and Waheed filed suit against Shakeel Uddin in the 152nd Judicial District Court, Harris County, Texas. This action involved a separate real estate matter in which Waheed and Shakeel Uddin were part owners of a real estate company that hired Rockfort Builders to build townhouses.

On February 6, 2006, Defendant Rockfort Builders filed a voluntary petition under chapter 11 of the Bankruptcy Code. On April 13, 2006, Plaintiffs filed a notice of removal pursuant to 28 U.S.C. § 1452(a) with respect to this state court action pending in the 80th Judicial District. Although Defendant Waheed filed a motion to remand, he subsequently withdrew the motion and all parties consented to a jury trial before this Court. In their answer, Defendants raise numerous affirmative defenses based upon the Termination Agreement. In addition, the Defendants filed a counterclaim asserting breach of the Termination Agreement.

On May 24, 2006, Plaintiffs filed a motion for partial summary judgment, seeking a determination that the Termination Agreement is inapplicable or invalid. On June 8, 2006, the Defendants filed a response objecting to the requested relief and filed a counter motion for

summary judgment. The Defendants contend summary judgment is proper because there is no evidence to support the Plaintiffs' claims and because the Termination Agreement bars all claims against the Defendants. For the same reasons, Defendants seek summary judgment on their counterclaim. The Plaintiffs filed a response objecting to the requested relief.

On December 6, 2006, the Court entered an order denying the Plaintiffs' motion for summary judgment and abating the Defendants' motion for summary judgment until January 31, 2007. The Court found that, as a matter of law, the Termination Agreement, if enforceable, protects Waheed.

## Summary Judgment Standard

A party seeking summary judgment may demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) the absence of a genuine issue of material fact. *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 562 (5th Cir. 2005). Material facts are those that could affect the outcome of the action or could allow a reasonable fact finder to find in favor of the non-moving party. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 529 (5th Cir. 2005).

The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial. At all times, a court views the facts in the light most favorable to the non-moving party. *Rodriguez v. ConAgra Grocery Products, Co.*, 436 F.3d 468, 473 (5th Cir. 2006). However, to weigh evidence would result in a credibility determination which is not part of the summary judgment analysis. *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 762 (5th Cir. 2001); *See MAN Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 478 (5th Cir. 2006). A court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

If the movant bears the burden of proof, a successful motion must present evidence that would entitle the movant to judgment at trial. *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 633 (5th Cir. 2000). Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine issue of material fact. *Warfield*, 436 F.3d at 557. The non-moving party has a duty to respond with specific evidence demonstrating a triable issue of fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986); *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 402 (5th Cir. 2005). When identifying specific evidence in the record, the non-movant must articulate how that evidence supports its position. *Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004).

If the movant does not bear the burden of proof, the movant must show the absence of sufficient evidence to support an essential element of the opposing party's claim. *Id.; see also Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005); *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006). The movant may seek summary judgment if insufficient evidence has emerged from discovery to support the non-moving party's claims. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2727 (3d ed. 1998). At this time the non-moving party must respond with sufficient evidence to support the challenged element of its case or present evidence to raise a material issue of fact. *Id.; Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986); *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 402 (5th Cir. 2005). Ultimately, the motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim. *See Condrey*, 431 F.3d at 197.

**Analysis**

The Defendants seek summary judgment on two alternative bases: (1) the Termination Agreement is valid and precludes this action and (2) the Plaintiffs have presented no evidence to support the essential elements of the Plaintiffs' claims.

*Binding Effect of the Termination Agreement*

The Defendants first seek summary judgment on their counterclaim, asserting that the filing of this suit by Plaintiffs constituted a breach of the Termination Agreement. To prevail on their breach of contract claim, the Defendants (or Counter Plaintiffs) must prove that (1) a valid contract between the parties existed; (2) the Defendants performed or tendered performance; (3) the Plaintiffs (or Counter Defendants) breached the contract, and (4) the Defendants sustained damages as a result of the breach. *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 150 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

The Defendants, as movants, must present evidence on each element in order to demonstrate that they would be entitled to judgment at trial. The Defendants admit that the Termination Agreement was not executed by Aroosa Uddin. The Defendants argue, however, that Aroosa Uddin is bound by the agreement because she ratified the agreement. A person ratifies a contract when she has knowledge of all relevant facts and performs under the contract or otherwise affirmatively acknowledges the contract. *Miss. Pac. Py. Co. v. Lely Dev. Corp.*, 86 S.W.3d 787, 792 (Tex. App.—Austin 2002, pet. dism'd). Ratification may be inferred by a party's course of conduct. *Id.* Any act inconsistent with an intent to avoid a contract has the effect of ratifying the contract. *Id*. Defendants bear the burden of proof at trial to establish each element of the defense. *Motel Enters. v. Nobani*, 784 S.W.2d 545, 547 (Tex. App.—Houston [1st Dist.] 1990, no pet.).

The Defendants have not presented any evidence that Aroosa Uddin was fully apprised of all relevant facts when she allegedly ratified the Termination Agreement.  Instead, the summary judgment record demonstrates that Aroosa Uddin did not want her husband to sign the Termination Agreement.  Consequently summary judgment in favor of the Defendants with respect to Aroosa Uddin is inappropriate.

Moreover, the Defendants have not demonstrated that they performed under the Termination Agreement.  To the contrary, the Plaintiffs contend that the Defendants waived their right to enforce the Termination Agreement when they filed suit against Shakeel Uddin on October 3, 2005, in a separate real estate matter in the 152nd Judicial District Court, Harris County, Texas.  Plaintiffs rely on the following language in the Termination Agreement: "both parties agree to release each other from any past, present as well as any future claims, liabilities and responsibilities due to any reason known or unknown."  Plaintiffs argue that this language is broad and covers the separate lawsuit.  In addition, the summary judgment evidence supports a finding that the Defendants continued working on the Lou Al home through April 2005, more than five months after the Termination Agreement was entered.  Consequently, because an issue of material fact remains, summary judgment in favor of the Defendants is inappropriate with respect to Shakeel Uddin.

*No Evidence Summary Judgment*

Alternatively, the Defendants seek summary judgment on all of the Plaintiffs' claims. The Defendants argue that there is no evidence to support the essential elements of the Plaintiffs' claims.

To prevail on their breach of contract claim, the Uddins must prove that (1) a valid contract between the Uddins and the Defendants existed; (2) the Uddins performed or tendered

performance; (3) the Defendants breached the contract, and (4) the Uddins sustained damages as a result of the breach. *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 150 (Tex. App.—Houston [1st Dist.] 2005, no pet.). The Plaintiffs' summary judgment evidence supports, and the Defendants do not dispute, that the Lou Al Contract existed and that the Plaintiffs performed or tendered performance under the contract. The Defendants dispute whether they breached the contract, arguing that the Termination Agreement eliminated any continuing duty to perform and resolved any prior breach of the Lou Al Contract. As discussed above, there is evidence that the Defendants waived their right to enforce the Termination Agreement. In addition, the Plaintiffs' evidence includes affidavit testimony of Shakeel Uddin who states that despite paying Waheed more than $1.5 million to build the home (the contract required the Uddins to pay the Defendants only $1.2 million), the home was not completed in accordance with the contract specifications or property code requirements and the Plaintiffs have spent more than $360,000 to repair the Defendants' work.[3] Consequently, the Plaintiffs have presented evidence to support the breach of contract claim.

To establish a claim for fraud, the Plaintiffs must prove that: (1) a material representation was made; (2) it was false when made; (3) the speaker either knew it was false or made it without knowledge of its truth; (4) the speaker made it with the intent that it should be acted upon; (5) the party acted in reliance; and (6) the party was injured as a result. *Fluorine On Call, Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 858 (5th Cir. 2004) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)). The Plaintiffs contend that the Defendants made material misrepresentations with the intent to induce Plaintiffs to enter

---

[3] The Defendants allege that there is no evidence of damages in this case because the home has been appraised and valued at $2.3 million. This argument is flawed. The Plaintiffs contracted with the Defendants and agreed to pay $1.2 million to have a home constructed by the Defendants, and the Defendants agreed to construct the home in accordance with the specifications in the Lou Al Contract. Absent a valid legal justification for not performing, the parties must perform and are each entitled to the benefit of their bargain.

7

into the Lou Al Contract, to approve draw requests, and to enter into the Termination Agreement. In his affidavit, Shakeel Uddin claims that Waheed represented that he was a trained and skilled engineer capable of performing the services called for in the Lou Al Contract and that he would complete the work within the time and price specifications of the contract. The statements were made before the Plaintiffs signed the Lou Al Contract and were relied upon by the Plaintiffs in entering the Lou Al Contract. The Plaintiffs have spent more than $360,000 repairing and completing the home. The evidence further shows that the Defendants used substandard materials and did not comply with the contract specifications, evidence sufficient to support a finding that the Defendants falsely stated they were experienced or falsely stated they would build the home pursuant to the contract specifications. Accordingly, no evidence summary judgment is inappropriate with respect to the claim for fraud.

Under Texas law, breach of fiduciary duty is established by proving that: (1) a fiduciary relationship between the Plaintiffs and the Defendants; (2) the Defendants breached their fiduciary duty to the Plaintiffs; and (3) the Defendants' breach resulted in injury to the Plaintiffs or benefit to the Defendants. *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006, pet. denied). The fiduciary relationship may be formal or informal, or may even arise as a matter of law. *Id*. Shakeel Uddin's affidavit testimony supports a finding that the Plaintiffs trusted and relied upon Waheed's statements. This testimony, even if undisputed, is insufficient to give rise to a fiduciary relationship. The fact that one businessman trusts another and relies on the other to perform a contract does not give rise to a confidential relationship or informal fiduciary relationship. *Four Bros. Boat Works, Inc. v. Tesoro Petroleum Cos., Inc.*, --- S.W.3d ---, 2006 WL 3589480, at *11 (Tex. App.—Houston [14th Dist.] 2006, no pet.). The Plaintiffs also argue that a fiduciary relationship exists as a matter of law pursuant to Tex. Prop. Code § 162.001. The

Fifth Circuit has rejected this argument and held that Texas law does not elevate every contractor who accepts funds or loans under a construction contract to a general fiduciary capacity. *In re Tran*, 151 F.3d 339, 344 (5th Cir. 1998). Accordingly, the Plaintiffs failed to present evidence to support a claim for breach of fiduciary duty and summary judgment is granted in favor of the Defendants with respect to this claim.

To establish a claim for conversion, the Plaintiffs must show that: (1) they owned, had legal possession, or were entitled to possession of the property; (2) the Defendants unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the Plaintiffs' rights as owners; (3) the Plaintiffs demanded return of the property, and (4) the Defendant refused to return the property. *Burns v. Rochon*, 190 S.W.3d 263, 268 (Tex. App.—Houston [1st Dist.] 2006, no pet.). The Defendants acquired the Plaintiffs property through the use of draw requests submitted seeking funds for work on the Lou Al home. The funds were paid to the Defendants for work to be completed on the home in accordance with the Lou Al Contract. The summary judgment record may support a finding that the funds were diverted for use at another location for the benefit of the Defendants. Accordingly, the Defendants' motion for summary judgment is denied with respect to the claim of conversion.

The Plaintiffs also allege a cause of action based upon the Defendants' alleged misappropriation of their funds and property under the Texas Penal Code. The Penal Code does not create a private cause of action. *A.H. Belo Corp. v. Corcoran*, 52 S.W.3d 375, 379 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). Consequently the Plaintiffs, even if victims, do not have standing to raise a criminal claim in this civil proceeding, and summary judgment with respect to this claim is granted in favor of the Defendants.

**Conclusion**

Based on the foregoing, the Defendants' motion for summary judgment [docket no. 12] is granted in part and denied in part.

Signed at Houston, Texas, on March 22, 2007.

_____
MARVIN ISGUR
United States Bankruptcy Judge