IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| **ROCKFORT BUILDERS, INC.** | § | **CASE NO: 06-30470** |
|     Debtor(s) | § | |
| | § | **CHAPTER  7** |
| | § | |
| **SHAKEEL UDDIN,** *et al* | § | |
|     **Plaintiffs** | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 06-3401** |
| | § | |
| **ROCKFORT BUILDERS INC,** *et al* | § | |
|     **Defendants** | § | |

### SUPPLEMENT TO MEMORANDUM OPINION AT DOCKET NO. 103

On April 3, 2007, the Plaintiffs requested that the Court reconsider the memorandum opinion at docket no. 103. The Plaintiffs argue that although the Court dismissed the Plaintiffs' claims under the Texas Penal Code, their cause of action under the Theft Liability Act remains valid.

The Texas Penal Code does not create a private cause of action. *A.H. Belo Corp. v. Corcoran*, 52 S.W.3d 375, 379 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). Section 134.005 of the Texas Civil Practice & Remedies Code, however, provides that a person who has sustained damages resulting from theft may recover damages and attorney's fees. TEX. CIV. PRAC. & REM. CODE § 134.005. Theft is defined as "unlawfully appropriating property or unlawfully obtaining services" as described by §§ 31.03–31.06 and §§ 31.11–.31.14 of the Texas Penal Code. *Id*. at 134.002(2). "Appropriate" is defined as "to bring about a transfer or purported transfer of title to or other nonpossessory interest in property, whether to the actor or another" or "to acquire or otherwise exercise control over property other than real property."

1

TEX. PENAL CODE § 31.01(4). Appropriation of property is unlawful if it is without the owner's effective consent. *Id.* at § 31.03(b)(1).

The Defendants seek summary judgment on the basis that there is no evidence to support the Plaintiffs' cause of action under the Theft Liability Act. The summary judgment record does not include any evidence that the Defendants exercised control over property without the owner's effective consent. Although the Plaintiffs allege that the Defendants improperly used materials that should have been used for the Lou Al home for the Defendants' own use, there is no evidence that such property was owned by the Plaintiffs or that the Defendants exercised control over the Plaintiffs' property without the Plaintiffs' effective consent. Accordingly, summary judgment is appropriate with respect to the claim for misappropriation under the Theft Liability Act.

Signed at Houston, Texas, on April 3, 2007.

MARVIN ISGUR
United States Bankruptcy Judge